Sterling R. Peterson, #020628
Sterling@DentonPeterson.com
Hannah K. Durrett, #037055
Hannah@DentonPeterson.com
DPD DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW
1930 N. Arboleda Road, Suite 200
Mesa, Arizona 85213
Telephone: (480) 325-9900
Facsimile: (480) 325-9901
https://arizonabusinesslawyeraz.com

*Attorneys for Defendants, Savannah Stidham and Caring Presence In Home Care, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Bluestone Care Management, LLC,<br><br>Plaintiff,<br>vs.<br><br>Savannah Stidham and Caring Presence in Home Care, LLC,<br><br>Defendants. | Case No. 2:25-cv-02444-SMB<br><br>**12(b)(3) AND 12(b)(6) MOTION TO DISMISS**<br><br>(*Assigned to the Honorable Susan M. Brnovich*) |

Pursuant to F.R.C.P. 12(b)(3) and 12(b)(6), Defendants, Savannah Stidham ("Stidham") and Caring Presence In Home Care, LLC ("Caring Presence") (collectively "Caring Presence Defendants") hereby moves the Court to dismiss the Complaint filed by Bluestone Care Management, LLC ("Plaintiff" or "Bluestone") because the Arizona district court is the improper venue for Bluestone's legal claims and Bluestone's first count is unripe.

**I. <u>The Proper Venue for Bluestone's Legal Claims is Yavapai Superior Court</u>**

Bluestone's Complaint arises out of and is related to a Management Agreement which Caring Presence and Bluestone entered into on March 21, 2025. The Management Agreement is attached to the Complaint as Exhibit 4, and is incorporated into the Complaint by reference. In section 8.10 of the Management Agreement, Caring Presence and Bluestone agreed that "Each Party to this Agreement hereby agrees and consents that any legal action or proceeding

DPD DENTON PETERSON DUNN ATTORNEYS & COUNSELORS AT LAW 1930 N. Arboleda Road, Suite 200 Mesa, AZ 85213

DPD DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

with respect to this Agreement **shall only be brought** in the Supreme[1] [sic] Court of the State of Arizona located in Yavapai County." (emphasis added). Caring Presence and Bluestone further agreed that they were each waiving "to the fullest extent permitted by law, any objection which it may now or hereafter have to the venue set forth above" and "any claim that any such action or proceeding brought in any such court has been brought in an inconvenient forum."

Forum selection clauses are presumed valid and should be enforced unless doing so would clearly be unreasonable and unjust, or the clause is invalid for such reasons as fraud or overreaching. *Aquaquim SA de CV v. Env't Fluids Inc.*, 667 F. Supp. 3d 1003, 1007. Well-established judicial policy favors the enforcement of forum selection clauses as representations of the parties' bargaining and mutual expectations. *Id*. In order to avoid the enforcement of a mandatory forum selection clause by the court, a plaintiff bears the heavy burden of proving that exceptional circumstances exist that would justify the court disregarding the forum-selection clause. *Id*.

The Management Agreement contained a valid mandatory forum selection clause, in which the parties chose Yavapai County Superior Court as the exclusive venue for any claims "with respect to" the Management Agreement. The existence, enforceability, and interpretation of the Management Agreement is material to both of Bluestone's claims. *See* paragraphs 25, 29, 62, and 73 of the Complaint. Consequently, the Court should dismiss Bluestone's Complaint in its entirety pursuant to Rule 12(b)(3) because the Complaint was filed in the improper venue.

**II. <u>Bluestone's First Claim is Unripe</u>**

The Court should also dismiss Bluestone's first claim for breach of the Membership Interest Purchase Agreement ("MIPA") because the parties to the MIPA have not closed under the MIPA and, thus, Bluestone's claims are not yet ripe. The MIPA was attached to the Complaint as Exhibit 1, and is incorporated into the Complaint by reference. The MIPA was

---

[1] The provision inadvertently refers to the Yavapai's County's "Supreme" instead of the "Superior" court. New York (where Bluestone is located) refers to its trial courts as their "Supreme" courts.

signed by Bluestone on February 20, 2025. Complaint, ¶ 19. In paragraph 3 of the MIPA, the parties agreed that "the sale of the Membership Interests contemplated by this Agreement shall take place at a closing (the "Closing") to be held at 12:00 Noon Eastern Standard Time no later than two business days after all of the conditions to Closing set forth in Section 8 are either satisfied or waived..."

It is undisputed that Closing has not occurred. Bluestone has not made the payment that would be owed to Stidham at Closing. MIPA, ¶4(c) and Complaint, ¶ 146. Furthermore, Bluestone alleged in the Complaint that some of the conditions set forth in Section 8 of the Agreement, which are required for the parties to close under the MIPA, have neither been satisfied or waived. *E.g.* Complaint, ¶¶ 92-93. Based on Bluestone's allegations in the Complaint, the MIPA may never close.

Bluestone's first claim in its Complaint is based, in part, on its allegation that Stidham breached restrictive covenants in the MIPA. Complaint, ¶ 210-217. However, that is impossible because the restrictive covenants are only binding "five (5) years following the Closing Date," and the Closing Date has undisputedly not yet occurred. Therefore, the portion of Bluestone's first claim that is based on an alleged breach of the restrictive covenants in the MIPA must be dismissed because the claim is not ripe.

The remainder of Bluestone's first claim is premised on Bluestone's allegations that the assets Bluestone has agreed to purchase from Stidham are less valuable than Bluestone thought because of inaccuracies or incompleteness in Stidham's representations to Bluestone. Complaint, ¶ 195-209. However, Bluestone's claim is not yet ripe because Bluestone has not yet paid Stidham even half of the purchase price under the MIPA. MIPA, ¶4 and Complaint, ¶ 146. Bluestone has not suffered any damages from the alleged decrease in value of the assets it agreed to purchase from Stidham until and unless it has paid Stidham a purchase price that is greater than the value of the assets it agreed to purchase. The only assets Bluestone has alleged are less valuable than Bluestone believed they were are Caring Presence's assets in Idaho, not Caring Presence's assets in Arizona. Complaint, ¶ 195-209. Pursuant to the recitals of the MIPA, both parties are aware that Caring Presence's primary place of business is in Arizona.

DPD DENTON PETERSON DUNN ATTORNEYS & COUNSELORS AT LAW
1930 N. Arboleda Road, Suite 200
Mesa, AZ 85213

DPD DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW
1930 N. Arboleda Road, Suite 200
Mesa, AZ 85213

Caring Presence's assets in Idaho represent, at most, half of the value of the purchase price, if not much less.[2] Bluestone has only paid 37.5% of the purchase price. Even if the Idaho assets were valueless, Bluestone has still not suffered any damages yet as a result, because Bluestone has not yet fully paid for the Arizona assets, much less the Idaho assets.

Bluestone's first claim against Stidham is not ripe, and thus should be dismissed by the Court.

## III. Conclusion

Stidham and Caring Presence respectfully request that the Court dismiss the Complaint in its entirety because it was filed in the improper venue, and because Bluestone's first claim is unripe.

**DENTON PETERSON DUNN, PLLC**

/s/ Sterling R. Peterson
Sterling R. Peterson
Hannah K. Durrett
Mesa, AZ 85213
*Attorneys for Defendants, Savannah Stidham and Caring Presence In Home Care, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of July, 2025, I electronically filed the foregoing using the CM/ECF system, which served the CM/ECF participants listed below. The foregoing was also e-mailed and mailed this same day to the following:

Julie Maurer
Aaron C. Schepler
**HUSCH BLACKWELL, LLP**
2415 E. Camelback Road, Suite 500
Phoenix, AZ 85016
Julie.Maurer@huschblackwell.com
Aaron.Schepler@huschblackwell.com
*Attorneys for Plaintiff, Bluestone Care Management, LLC*

[2] The Idaho portion of the business is actually closer to only 20% of the overall business.

Edward C. Wipper
Maura T. Levine-Patton
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF, LLP**
1155 Avenue of the Americas, Floor 26
New York, NY 10036
EWipper@beneschlaw.com
MLevine-patton@beneschlaw.com
*Pro Hac Vice* forthcoming for
*Plaintiff, Bluestone Care Management, LLC*

/s/ Priscilla Weller

DPD DENTON PETERSON DUNN
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213